**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
PO BOX 1352
NEWARK, NJ 07101-1352
(973) 645-2464

NOVALYN L. WINFIELD
BANKRUPTCY JUDGE

April 16, 2014

Peter J. Gould
Post Office Box 496
Carlstadt, NJ 07072-0496

                  RE:    Copack International, Inc.
                          Case No.:    13-33004 (NLW)

Dear Mr. Gould and counsel:

    As set forth below, the court denies the Orders to Shorten Time and motions that you have filed on behalf of Copack International, Inc. ("Debtor").

    The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and the Standing Order of Reference issued by the District Court on September 18, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

    The motions before the court are essentially the same motions that Peter J. Gould ("Mr. Gould") filed on March 3, 2014 on behalf of the Debtor. Notwithstanding the fact that Mr. Gould lacked the authority to represent the Debtor, because of the serious nature of a motion to remove a trustee and a motion for recusal of the judge, the court considered it important to develop a factual record, given the paucity of facts in the moving papers. Therefore the court scheduled these motions despite their insufficiency. In response to Mr. Gould's motions, the Chapter 7 Trustee's counsel provided a legal memorandum and a thorough factual record of the Trustee's services and the events in the case. (See, Dkt. Nos. 124 and 125). Notably, Mr. Gould neither filed a response nor appeared

at the hearing. After considering the record before it, the court denied both motions and entered orders to that effect on March 26, 2014.

On April 7, 2014, acting again on behalf of the Debtor, Mr. Gould filed Orders to Shorten Time and motions to remove the Trustee and for recusal of the judge. The claims in these repeat motions are not materially different from those made in the motions filed in March 2014 and the court declines to schedule the hearing. Instead, the motions will be considered n the papers and again denied as unauthorized and not factually supported.

As a threshold matter, it has long been understood that a corporation cannot appear in court except as represented by a duly authorized attorney at law. *Simbraw, Inc. v. U.S.*, 367 F.2d 373, 373-74 (3d Cir. 1966); *Berrios v. NYC Housing Authority*, 564 F.3d 130, 133 (2d Cir. 2009); *In re KMA, Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). As stated by Judge Kearse in *Berrios*:

> The reasons for requiring that a party, unless exercising his constitutional right to represent himself, be represented by an attorney are principally that the conduct of litigation by a non-attorney creates unusual burdens for his adversaries and the court, as well as for the party he would represent. 'The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, [and] proceedings that are needlessly multiplicative.

Berrios, 564 F.3d at 133 (citation omitted). The soundness of this reasoning is amply demonstrated in the matter at hand. Mr. Gould did not provided a factual basis for his earlier motions, and has done no better with the motions presently before the court. Because he cannot represent the debtor corporation, the court will not burden the trustee and his counsel with responding to these duplicative motions. Aside from the impropriety of the motions, any response by the trustee and his counsel will needlessly cause the bankruptcy estate to incur further expenses.

At best, Mr. Gould's current motions to remove the Trustee and for recusal can be considered as motions for reconsideration. The prior motions were grounded in claims that the Trustee did not

properly manage the auction process, sold property that did not belong to the Debtor and caused the demise of a related corporation. The motion for recusal was grounded in the claim that the court failed to act in the best interest of the Debtor and its creditors by exhibiting extreme bias in permitting the auction sale to be conducted in the manner chosen by the Trustee. Mr. Gould asserted that this act by the court resulted, improperly, in the sale of equipment owned by a related entity. The Trustee's response papers amply rebutted these unsupported allegations. The Trustee's response papers demonstrated that Mr. Gould was afforded an opportunity to provide the Trustee with documentation that the machinery and equipment on the Debtors premises were owned by entities other than the Debtor, but that he failed to do so. Additionally, the court notes that Mr. Gould's complaint that the auction should have yielded better results is undercut by the fact that the auction was conducted by the very auctioneer that Mr. Gould represented to the court as having expertise in selling equipment such as the Debtor's. The current motions raise theses same claims, that were found by the court at the earlier hearing to be unsupported.

Both the District Court for the District of New Jersey and the Bankruptcy Court have promulgated practice rules that address a motion for reconsideration and which require that such a motion be filed within 10 business days after entry of the order or judgment and that the motion be supported by a brief concisely setting forth the matter or controlling decisions overlooked by the court that would warrant reconsideration. District Court L. Civ. R. 7.1(i); D.N.J. LBR 9013-1(h). Although Mr. Gould's reconsideration motions have been timely filed, no brief or even an affidavit has been filed setting forth the matter or law overlooked by the court.

It has been stated that the a motion for reconsideration is to be granted only sparingly. *Gibbs v. Bartkowski*, 2013 WL 11337515 *2, (D.N.J., March 18,2013) (citing *NL Industries, Inc. v. Commercial Union, Ins.*, 935 F.Supp. 513,515 (D.N.J. 1996). This statement is in keeping with the

standards employed in this circuit for deciding a motion for reconsideration. As set forth in *Max's Seafood Cafe by Lou-Ann, Inc. v. Quintas, et al.*, 176 F.3d 669, 677 (3d Cir. 1999) a court should grant reconsideration if a movant demonstrates one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Further, a motion for reconsideration is not an appeal. The movant must show "more than a disagreement with the court's decision." *Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993).

The motions by Mr. Gould fail to meet any of the grounds for reconsideration. In particular, it must be noted that at the last hearing not only did Mr. Gould fail to appear, he failed to refute the Trustee's statement that Mr. Gould had yet to appear to produce documents and give testimony under oath regarding his claimed interest in property that the Trustee had marshalled and noticed for sale. At the last hearing, the court only had before it evidence of the Trustee's effort to gain Mr. Gould's cooperation. Nothing in the current motions refutes those facts. As to the alleged bias warranting recusal, the only claim by Mr. Gould is that this court ruled in favor of the Trustee. Mr Gould's failure to produce facts or law supporting his claims produced the results about which he complains.

Based on the foregoing facts and law, the court denies both the motion to remove the Trustee and the motion for recusal.

Very truly yours,

*Novalyn L. Winfield*

NOVALYN L. WINFIELD
United States Bankruptcy Judge

NLW/amd
cc:   Benjamin A. Stanziale, Jr., Esq,
      Kim R. Lynch, Esq.

4